This Honorable Court of the 2nd Judicial District is now open for suit to adjournment. The Honorable Catherine E. Zinoff presiding. Good morning. Please be seated. Your Honor, this case on the document 2-14-0822, Annual Subobiano-Morris Appellant, the Grayslake Community Consolidated School District No. 46 Appellee. Arguing on behalf of the appellant, Attorney Gilbert Feldman. Arguing on behalf of the appellee, Attorney Kevin Porter. Good morning, Counselor. Good morning, Your Honor. Justice Hutchinson was due to be here but is unable to be here and sends her regrets. But we can proceed and she'll certainly listen to the oral argument on the recording that is made today. Mr. Gilbert Feldman. May it please the Court, This case is here based on the order of the trial court dismissing the complaint in this case. It is our position that the trial court erred in two ways in making that decision and judgment. First, we contend that the dismissal of the plaintiff violated the code requirements in section 24-12B. Briefly, the plaintiff was evaluated as needing improvement. Based on that evaluation, she was placed in group 2 under the statute. You don't dispute that, right? There's no issue there? She was placed there, and the second point I'm going to make, I'm saying that she shouldn't have been. So now that you don't argue in your brief, though, do you? Yes. That's the second point. She was placed there. There's no argument. The question is whether she should be. But that's point two. Let's maybe start with point one. Because I believe it's your position, is it not, that by hiring a replacement teacher, the district failed to honor her statutory priority rights as a member of group 2? So let's assume at this point that she was rightfully a member of group 2. I assume that. Yes, but now by what authority do you contend that group 2 teachers had recall rights after the amendment? They do not. They do not have recall rights. Okay. That was the decision in the Fracas case. That's right. Which rejected my argument that a RIF was required in order for the plaintiff to have a case. And the court held that because there were no recall rights, that my argument was not valid. Right. Justice Carter was pretty clear about that. Other question? In this case, what I am arguing on in point one is the dismissal itself, not the recall. The dismissal requires this sequence whereby the rights of people in group 2, the rights of people in each of the higher level groups are senior and are priority in a dismissal to the rights of people in lower groups. In this situation, what the school district did was to simply dismiss the plaintiff who was in group 2 together with 19 teachers in group 1. Right, but she was the only one in group 2. Yes. And it was groups 3 and 4 that would have had priority over her, right? That's true, and she has priority over people in lower groups than her under the language of the statute. It is my contention that by doing what they did, they simply went around the statute and dismissed a teacher who had priority rights over this new higher three months later. But when you're saying she has priority rights, would you be a little more explicit for us, please? The statute says that under this sequence, people in a higher group have priority rights in dismissal, and people in lower groups must be dismissed first. What section of the statute are you referring to? I'm referring to... Wait a minute. Specifically, that would cover her. 24-12B. What subsection of 24-12B? I don't have it in front of me, but there's a provision there when you deal with the groups right afterwards, which specifically says that dismissal is to be... The highest group is dismissed last, and the lowest group is dismissed first. That's the language of the statute. That is true. And I would quote the statute. It says, this is subsection 4. It says, among teachers qualified to hold a position, teachers must be dismissed in the order of their groupings, with teachers in grouping 1 dismissed first and teachers in grouping 4 dismissed last. But that doesn't address the question that was just posed. Because the question that was posed is, what section of the statute gives her a right to be recalled or to have priority, I guess, for a position over a new hire? The magic words which Your Honor used was recall. I'm not claiming that this is a recall situation. This is a situation which goes to the original dismissal. That was because of a reduction in force, correct? There was no reduction in force. Pardon? There was no reduction in force. However, the courts have already said that that doesn't give me a basis for a claim. But there was no reduction in force. That was my other argument, which has not been accepted. The question is how they had to set up the recall in order to comply with this provision, which Judge Spence has just read. And what they did is they went around it and, in effect, got rid of this teacher without respecting the fact that she, under that language, she was entitled to protection. That language doesn't entitle her to protection. If you read further down in the statute, again, subsection 4, it says, if the board, I'm going to skip over a few words here, but if the board has any vacancies for the following school year, the positions thereby becoming available must be tendered to the teacher so removed or dismissed who were in groupings 3 or 4. That's the recall right. Right. But I'm not arguing based on the recall right. I'm arguing on the original dismissal provision, which is absolutely meaningless and stricken from the statute if the board here can do what it did. It has no meaning. What section are you referring to? It may be the dismissal. If they don't, if they essentially put someone on that dismissal list because they're in group 2 and then replace all of the group 2 people with group 1 people or new hires, that language has no meaning in the statute. None. It was put in there to condition the right to dismiss by giving some teachers priority rights. I don't see how any other argument can be made as to what that language means. Well, what is the designation of group 2? Isn't it teachers who've been evaluated and required an improvement in performance? Either improvement or unsatisfactory. Correct. Okay. So why should she not have been in group 2? Under this argument, I'm not arguing she should have been in group 2. That's the second argument. Well, do you want to turn for a minute to the second argument? Yes. The case law in this state, which I have cited, is very, very clear. It holds that when a school board exercises its discretion under the code, the plaintiff has a cause of action if the school board's action is arbitrary, unreasonable, or capricious. The claim of the plaintiff in this case is that although she was in group 2, the dismissal was not based upon her evaluation. The dismissal was based upon the fact that they wanted to target her, and the argument, the explanation they gave, the reason they gave, it was because she was in group 2 was pretextual. It had nothing to do with this. It was arbitrary, and she claims she has a right in court under these cases, which I have cited, to prove that. And by dismissing the complaint, the court deprived her of that right. That's the second point. And what is the authority that you use? What is the gist of that? I've got all those. The cases, right. But then the gist of the cases is what? The gist of it. Do they not have, is it not their discretion to place her in that, to do that evaluation and performance evaluation based on that? Those cases. How do you argue that that's capricious and arbitrary? I mean, they didn't do it except based on this evaluation. That's their explanation. But the court says that when they have the legal discretion to make a decision, which they do under this statute, they have legal discretion, the plaintiff still has the right to challenge it based on those three factors. Did she do that below? She couldn't have dismissed the complaint. That's what I'm arguing is the error under 42. Did she contest that with the school board at all? Sure. That's what the argument is about. Well, she claimed in those cases say what she's got to plead in there. She doesn't have to plead much. She just has to plead enough to let them know that she's challenging the basis upon which they made their legally, their legal decision, which they were legally authorized to make. That's what those cases say. Does the statute set up a framework within which she can appeal that discretionary decision of the school district to put her in group two where she can appeal that to the board? It was the board's decision. Okay. Does it provide a framework where she can appeal that and have a hearing before the board? No. Okay. That's where these cases come in. She doesn't have that right under the statute because the statute gives the board legal discretion to make this kind of a decision. The cases, which I say, say when that happens, she has the right to challenge it in court. And you notice that in each of those cases, the trial court dismissed the complaint and the appellate court reversed the trial court and remanded it back for a hearing. Same situation as you have here. So that's my second point. Under the second point, she's entitled to a remand. Under the first point, if I prevail on that, she's entitled to judgment. Any other questions I can answer? You may continue arguing if you wish, and if we have questions based on that, certainly we'll ask them. Okay. That's my argument. I know we've interrupted you, so that's why. Oh, no. That's my argument. These are not complicated arguments. They're straightforward, and I think I've already articulated them. All right. And you agreed that tenure is not a basis at this point for our focus. That was jetsoned when the amendment to 24-12B was adopted. Well, that's with these arguments because they put her in group two. The two questions are, what was she entitled to as a matter of statutory provision when they put her in group two? And second, if they put her in there for an arbitrary or unreasonable reason, she's entitled to come to court and challenge it. And those are the two errors, I contend, that the trial court made. Under one, she's entitled to judgment. Under the second, she's entitled to an opportunity to contest what they did based upon the standards set by the Supreme Court of Illinois in two cases. Okay. Thank you. Yes, you have a chance to respond to counsel's argument. Thank you. Mr. Gordon. Thank you. May it please the Court, my name is Kevin Gordon, and I represent the defendant, Apelli, Board of Education of Community Consolidated School District 46. Your Honor, this is a case that, by looking at the statute and the facts that have been developed in the record, shows that the school district did and followed the statute exactly as it was supposed to be followed. In this case, the plaintiff was a group two teacher, and she has never contested that status as a group two teacher. In listening to the argument of opposing counsel, I think he's working under the assumption that the other teachers that were laid off at the same time as the plaintiff were, for some reason, group one teachers, and they were not. They were group three teachers. The plaintiff was the only group two teacher. There were no group one teachers. And so she was the first, by statute, by law, to be laid off. And because she's a group two teacher, she was the first to be laid off, and she does not have any recall rights. So she doesn't have any prior superior retention right to any other teacher that was employed by the school district at that time. And as a group two teacher under the statute in operation at that time, she has no recall rights. Well, he's not saying she had recall rights, but what about her placement in group two? Counsel says that she shouldn't have been placed in group two and that she was trying to contest that. Well, there are absolutely no facts in the verified complaint or any of the affidavits that were submitted in opposition to the 2619 motion ever contesting her position in group two, first and foremost. Secondly, if you look at the statute and how it's set out, and this goes to it was arbitrary and capricious to place her in group two, there are a myriad of procedural hurdles or tasks that have to be accomplished before a teacher is placed in group two and falls on the layoff list. At the very beginning, they have to be evaluated. They are evaluated by administrators, not the Board of Education. Next, the teachers are all categorized based off their performance evaluations. Actually, I should take a step back. The teacher has the right to grieve their performance evaluation of the collective bargaining agreement if they so wish. That was not done in this case. Next, they compile the groupings of the teachers based on those evaluations. That's performed by a joint committee that is composed 50 percent of the committee is composed of union membership. They make sure they put the groupings together based on those evaluation rates. If any member of that joint committee believes that senior teachers are receiving less favorable evaluations than the less senior teachers, they can raise that issue. Next, the layoff list, the order of dismissal list is created, and that is provided to the union 75 days before the end of the school term. The union has the right to review that list and raise any questions that it might have. After that, it goes to the Board of Education. In many cases, and certainly in this particular case, the Board of Education had to have a public hearing on the layoff. At which time, members of the public, the union, teachers, whether they're affected or not, may make a comment to the Board of Education for consideration when they determine whether or not to impose a layoff. Did you say that was or was not done here? That was done here. It's a threshold requirement if you're laying off a certain number of teachers. Next, it's the Board of Education that has to pass the resolution authorizing the layoff. Again, this is the Board of Education. The Board of Education does not have any input into the evaluation process, the grouping of the teachers, or the creation of the order of layoff. They simply say, how many teachers, how deep do we need to go with this layoff, and then it's a matter of the layoff list. How far down the layoff list do you have to go? They don't pick out individual teachers to lay off. So, in this process, in this case, if you look at the plaintiff's complaint as she verified it, the affidavit of the union president that she submitted in opposition, and the affidavit of the superintendent that was supplied in support of the motion to dismiss under 2619, there's not a genuine issue of fact here regarding whether the statute was complied with at all. If you go through her complaint, it's a very, very simple ten-count complaint with very, very little detail. The first two paragraphs simply identify the parties. Paragraphs three through six simply recite provisions of the school code, particularly various sections of section 24-12. Paragraph seven recites that the district laid off teachers and provided the plaintiff with the appropriate notice of layoff. Paragraph eight references an alleged layoff practice, which she apparently preferred, but that neither complies with the requirements of the school code, nor alleges that the district ever adopted that practice. Paragraph nine asserts the funding became available to the school district in the next year, but that it did not rehire the plaintiff. She didn't have recall rights. And paragraph ten alleges that the school district deprived her of her tenure right. But as we've talked about already, there is no tenure right because she was a group two teacher. She doesn't have any prior claim over any other teacher except for a group one teacher, and there were no group one teachers. That's her complaint. When she submitted the affidavit in opposition to the motion, that was submitted by the union president, Diane Elfring. It's a very simple three-paragraph affidavit. The first one identifies the affidavit as the union president. The second one states that the Board of Education adopted a resolution honorably dismissing teachers, including the plaintiff. And then paragraph three averts that the district restored positions once funding became available. Not only did the Board of Education follow the process outlined in section 24-12B, but it followed the recall process. Much of the plaintiff's arguments through this process, I think, have focused on her fact that she was a tenured teacher. She has referred, not in any concrete way in any complaint, but in argument that she was somehow targeted. But there's nothing to suggest that she was targeted by the following of this process. She has not pointed to any motivation for targeting her other than, I suppose, the fact that she was tenured. But there's no tenure protection under a layoff. The Fracas opinion, where there's an argument of a pretextual layoff or rift, it points out several things that apparently the school district had either done or available in that case. The fact that school boards don't conduct the performance evaluations. They're conducted by trained evaluators. Is that the same as in this case? That is the same. Okay. That they provide remediation procedures for teachers who receive unsatisfactory evaluations. Is that the same? That is true. That's by statute. The fact that section 24-12 of the school code provides procedures to review arguably questionable performance evaluations of senior teachers. That is true. That's true. Public hearings are required. Public hearing wasn't done. Which was done. So basically the same protections that are set forth in that case. That case is virtually identical to this one. The issues are exactly the same despite the plaintiff's attempt to kind of recast them. The facts are nearly identical. In that case, it was, again, two tenured teachers who were in group two who were complaining first that they were laid off ahead of other teachers who were non-tenured and that they weren't recalled. So that's the two prongs of what this case is. Are there any facts alleged in the ten count complaint, any facts alleged to show any sort of arbitrary procedure or decision or anything capricious? Not that I could find. And it's a very quick complaint to read through. It's a complaint that's very similar to the one that was in a case just before this court not too long ago. There's nothing in there other than recitation to the law and recitation to the statutory process followed by the school district. The only kind of outlier reference in the complaint is to this alleged practice that some school districts used to have, which I could talk about, but it doesn't comply with the procedural requirements of Section 24-12B. And it doesn't even allege that the school district would have followed that practice. What paragraph is that? That is paragraph nine. Thank you. I don't know if you have any additional questions. No, I don't. We don't. Okay. Your Honors, again, it is the position of the school district that it simply followed the law. It followed the law when it created the layoff, when it effectuated the layoff. I don't know if there's any question about whether or not a layoff occurred in your mind, but it most certainly did occur. And a layoff occurs when the last procedural act of the school board is accomplished, and that is adopting the resolution authorizing the layoff and providing notice to the affected teachers. Having complied with the law and with the point of not having any recall rights, the school district respectfully requests that this court affirm the dismissal of her complaint. Thank you. Thank you. Mr. Gilbert-Feldman? Judge Spence asked me a question as to whether the plaintiff had a right to appeal to the board. Counsel has, in his argument, agreed that she can use the grievance arbitration procedure to protest her placement in Group 2, the evaluation, protest the evaluation which put her in Group 2. I'll accept that. I had no idea that that concession would be made, and it seems to me that would give these teachers, as you know, there are all kinds of cases pending in the circuit courts in this district, that would give these teachers something which certainly would give them a fair opportunity to determine what I argued as Group 2, as Point 2 in my argument. Point 2 in my argument, the court said that you could go to the circuit court to do this, but I would certainly rather go through the grievance arbitration procedure to protest the evaluation rather than going to court. It's a much more expeditious way of doing it. But that wasn't done in this case? No, but I had no idea until Counsel just said that she has that right, that any such right existed, for her to challenge a statutory proceeding in the grievance arbitration procedure. Wouldn't that be spelled out in the contract? Well, they defined what's spelled out, but the question is, since this is a statutory issue, not a contract issue, whether she can do that. I accept that. That would resolve this whole case. Well, but then what would the next step be? It doesn't then finish with the board, I would assume. Many times it would then go from the board, who would review the board's decision. Normally it's the circuit court and then would come to us, but then in an administrative review, we don't review the circuit court's decision, we would review the administrative decision. That's usually the way it's set up. So is it not set up that way? No. This is the first I have heard, that she has a right to go through the grievance arbitration procedure to protest the decision made to give her that evaluation that she needs improvement. And that would be the best possible way of resolving this case. I agree with Counsel about this. Well, the horse has left the barn on that issue, hasn't it? I mean, we're here. We're here on an issue facing teachers all over the state of Illinois, and if that is the resolution, that is a resolution, I would accept it. The cases say she's got a right to go to the circuit court. Which you have done. Which what? Which you have done. And that's why we're here. And that's why we're here. But he says she had a right to leave an arbitrate, which is a much greater concession than the right to go to the circuit court. I emphasize that. That is, that is, that would be a significant and a fair and just way of resolving this statutory issue. Just a couple of other points I would make as to what Counsel said. The court cases which I cite, and it's all in my brief, they spell out what she's got to plead in her complaint. Doesn't have to plead much. All she's got to plead is not evidence. All she has to do is inform the other side of what her theory is so they can defend against it. Nothing more. And the cases spell that out in detail of discussion, which I cite in my brief. Which count of your complaint, in which count of your complaint, did you allege that her placement in group two was an arbitrary, unreasonable or capricious decision? I alleged which count? That would be in count two. That would be in count two? Yeah. That's what count two is about. Do you have that with you or no? I don't have it in front of me, but do you? I don't either. But that's what count two is about. And the cases say what she has to allege in order to raise that type of an issue. And I have all those cases in the brief. Do you agree that there was no one in group one? No what? No one in group one. Counsel indicated the facts in this record show there was no one, there were no teachers in group one to be let go. It was my understanding. So that she was the first one being in group two to be let go. It was my understanding that the people, other people let go were 19 were in group one. So you disagree on the facts? I believe that's what counsel said in his brief. Well, he didn't say that in oral argument. Okay. The other point is, counsel makes a big point of the procedures which are in the statute that the plaintiff had as recourse. Because I point out in the brief, those procedures permit somebody to go to the board, but the board retains the absolute right to stick to its position. In none of those procedures is there any right to go to the board except to make a suggestion or a complaint to the board. The board has a majority in all of those procedures and there's nothing that supervises or looks over the board's shoulder as to the decision the board makes. And I would just point out that this teacher has been there for many years. In all earlier years, she had at least satisfactory evaluations. This came out of the Blue Scott. And the argument that the board doesn't decide the question of the evaluation, it's the agent of the board under the statute who makes that decision. The board appoints the person as an agent who makes that decision. So I don't understand the argument that the board is somehow separate and apart from making that decision. Anything else, Your Honor? No. No. Thank you very much, counsel. Thank you. Thank you, counsel, for your arguments. At this time, the court will take the matter under advisement and render a decision in due course. We stand in brief recess until the next case. Thank you.